**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ABELSON LEGAL SEARCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:17-cv-02574-JPM-cgc |
| v. | ) | |
| | ) | |
| BAKER DONELSON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BAKER DONELSON'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR RULE 11 AND 28 U.S.C. § 1927 SANCTIONS AND TO DISMISS
COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 11 and 12(b)(6) and 28 U.S.C. § 1927, Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") files its Memorandum in Support of its Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions and to Dismiss Plaintiff Abelson Legal Search's ("Abelson") Complaint.  In support of its Motion, Baker Donelson states as follows:

1.      Abelson's claims arise from a recent merger between Baker Donelson and Ober/Kaler ("Ober"), a Baltimore based law firm on December 31, 2016.  There was a contract signed between the parties in March 2015, which controls the relationship between the parties.

**I.      ABELSON'S ORIGINAL COMPLAINT**

2.      Abelson's original action, filed on August 10, 2017, ("Original Complaint") alleges common law breach of contract and unjust enrichment against Baker Donelson based on an Attorney Placement Services Agreement ("Agreement"), a true and correct copy of which is attached as **Exhibit A**.

1

3.      As is relevant to this Motion, Abelson alleges "[t]hat on or about March 17, 2016, Rebecca Simon, Defendant Baker's Director of Recruiting, signed and emailed the aforementioned Agreement to Plaintiff Abelson."  Abelson signed and executed the Agreement on March 18, 2016.  *See* Original Complaint, ¶¶ 8-9.

4.      Abelson quoted the Agreement's <u>Lateral Groups for Firms</u> section:

> For groups of lateral partners/shareholders, practice groups or mergers, if Baker Donaldson admits two or more of the lateral partners/shareholders, practice group members or combines with a firm directly referred within one (1) year of the date of the referral, the Recruiter shall be entitled to a Fee . . .

*Id*. at ¶ 10.

5.      Abelson next alleges "[t]hat in September, 2016, Defendant Baker and Ober announced that the two firms would merge.  That said merger was approved by the two firms in October, 2016."  *Id*. at ¶ 13.

6.      Abelson also alleges that it "performed all terms and conditions of the Agreement in that [Abelson] referred Ober to Defendant Baker within the one (1) year timeframe specified by the Agreement."  *Id*. at ¶ 14.   Consequently, Abelson contends that Baker Donelson "breached the terms of the Agreement by failing to pay Plaintiff Abelson the aforementioned fee" and that Baker Donelson's "actions herein will allow Defendant to be unjustly enriched and profit from Plaintiff's substantial work, services, research, connections, investment, and reputation in the legal recruiting industry."  *Id*. at ¶¶ 14-15.

7.      Finally, Abelson alleges that Baker Donelson "acted intentionally and recklessly by not complying with the terms of the Agreement, merging with Ober and failing to pay Plaintiff Abelson the aforementioned fee" and, accordingly, seeks punitive damages.  *Id*. at ¶¶ 17; 19.

8.      The problem is allegations regarding the year of the contract and contact were

wrong.  The contract was signed in *March of 2015* not 2016.  Because the merger actually occurred on *December 31, 2016*, the one (1) year timeframe lapsed pursuant to the terms of the contract and no payment was or is due, even if Abelson had performed pursuant to the contract and provided Ober's and its attorneys' biographical sketches, resumes etc., which it did *not* do.

## II.   ABELSON'S FIRST AMENDED COMPLAINT AND ASSOCIATED DOCUMENTS

9.      On September 22, 2017, counsel for Baker Donelson sent William A. Wooten and Alan S. Mandel, counsel for Abelson, a letter enclosing and serving a draft of Baker Donelson's Rule 11 and 28 U.S.C. § 1927 Motion for Sanctions and to Dismiss Complaint ("Rule 11 Motion") and asking Abelson's counsel to dismiss its case with prejudice within the 21 days safe harbor.  *See* **Exhibit B** attached hereto.  While conclusory allegations of compliance with the contract and substantial work performed by Abelson were averred, Abelson provided nothing regarding Ober to Baker Donelson.  In the September 22, 2017 correspondence attached, Baker Donelson specifically asked Abelson the following:   "You may or may not be aware that Abelson provided absolutely no information regarding Ober Kaler to Baker Donelson pursuant to the Agreement between the Parties.  If you have any information to the contrary, I would love to see it in writing."  No meaningful response was forthcoming.

10.     On October 10 and 11, 2017, in communications between both parties' counsel, counsel for Abelson indicated Abelson's intention to file an amended complaint.  The Amended Complaint alleges the correct 2015 dates of the contract and contact, but did not change the substantive allegations and Baker Donelson did not oppose the amendment.

11.      The proposed Amended Complaint fails to remedy the substantive problems raised in Baker Donelson's Rule 11 Motion as set forth more fully below.

12.      The Amended Complaint alleges that "on or about March 18, 2015, Cathy

3

Abelson signed and returned the [executed] Agreement on behalf of Plaintiff Abelson to Defendant Baker," thereby alleging the correct contract date. *See* Amended Complaint, ¶ 9. Abelson also now intends to attach the Agreement to its Amended Complaint.

13.     Otherwise, Abelson's allegations in the Amended Complaint mirror the exact allegations in the Original Complaint as discussed above.

14.     Because Abelson's Original Complaint and Amended Complaint fail to cure the substantive problems, contractual and factual, underlying Abelson's claims, Baker Donelson now files this Rule 11 and 28 U.S.C. § 1927 Motion for Sanctions and to Dismiss the Complaints and Incorporated Memorandum in Support.

## III.     LAW AND ANALYSIS

15.     Under Rule 11 of the Federal Rules of Civil Procedure, Abelson and its counsel, by signing and filing both the Original Complaint and the Amended Complaint, "is certifying that to the best of [Abelson's and its counsel's] knowledge, information and belief, formed after an inquiry reasonable under the circumstances" that "(1) [the Complaint] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims … are warranted by existing law … and (3) the allegations and other factual contentions have evidentiary support …."

16.     Rule 11 and 28 U.S.C. § 1927 "empower the court to command obedience to the judiciary and to deter and punish those who abuse the judicial process." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006) (noting "a court's jurisdiction to issue sanctions under 28 U.S.C. § 1927 or pursuant to a court's inherent authority is ever present"); *see also Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 446 (6th Cir. 2007) (noting "[Section] 1927, Rule 11, and a court's inherent power to impose sanctions exist in

4

concert") (internal citation omitted).  Even though an attorney may zealously represent his client, the attorney's ethical obligation "does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing non-frivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.'"  *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

17.     "Rule 11 requires attorneys to make reasonable inquiries to determine that their pleadings, motions and other papers are 'well-grounded in fact' and 'warranted by existing law or good faith argument for the extension, modification or reversal of existing law.'"  *Bailey v. Papa John's USA, Inc.*, 236 Fed. Appx. 200, 203 (6th Cir. 2007) (quoting *Freeman v. Michigan Dept. of State*, 808 F.2d 1174, 1180 (6th Cir. 1987)); *see also Gentek Bldg. Products, Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 332 (6th Cir. 2007) ("Rule 11 authorizes a court to impose sanctions if papers are filed containing statements that are not well-grounded in fact and warranted by law."); *Gilreath v. Clemens & Co.*, 212 Fed. Appx. 451, 465, 2007 WL 43264 at *11 (6th Cir. 2007) ("Rule 11(b) imposes a duty on [a party and the party's] counsel alike to undertake a 'reasonable inquiry' into the law and facts before filing a motion with the court.").

18.     "[T]he test for the imposition of Rule 11 sanctions is 'whether the individual's conduct was reasonable under the circumstances.'"  *Katz v. Rabkin*, 213 Fed. Appx. 387, 389, 2007 WL 64220, at *2 (6th Cir. 2007) (quoting *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002)).  Indeed, what a party and his attorney do upon learning that his arguments have no merit guides the Rule 11 analysis.  *See Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996) (The "gravamen of Rule 11 [is not in] the filing of the claim that eventually turns out to be meritless, but rather the persistence in pursuing that claim after the pleader has or should have become aware of its lack of merit.").

19.     In pertinent part, 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  One of the purposes of Section 1927 is "to deter dilatory litigation practices."  *Bailey*, 236 Fed. Appx. at 204, 2007 WL 1663713 at *3 (citing *Jones*, 789 F.2d at 1230-31).  A court may impose sanctions when it determines that "an attorney reasonably should know that a claim pursued is frivolous."  *Id.* at *3.  "[Section] 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence."  *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

20.     In fact, Abelson's allegations in its Original Complaint are patently false, misrepresent the truth, and appear to be intentional.  It is required to attach a contract in dispute in Tennessee, yet even after quoting part of the Agreement, Plaintiff and its counsel choose not to attach the Agreement to the Original Complaint and utilized dates to bring the allegations within the one (1) timeframe and so alleged the merger occurred within the one (1) year timeframe of the contract and its alleged delivery of information related to Ober and demanded payment.

21.     Should Abelson and its counsel have conducted their proper due diligence before filing the Original Complaint, they would have discovered that their factual allegations have no evidentiary support and are, instead, directly controverted by the attached Agreement as the contract was signed in March of 2015 and the one (1) year timeframe had expired.  Further, Abelson delivered nothing regarding Ober to Baker Donelson.

22.     Here, it is apparent simply from examining the four corners of the attached

Agreement that Abelson cannot support a claim for contractual damages and Rule 11 and Section 1927 have been violated.

23.     Again, the Agreement was executed on March 18, **2015**, not March 18, **2016** as alleged in Abelson's Original Complaint.  *See* Agreement, at pg. 1.   Therefore, in order to recover under the one (1) year referral provision of the Agreement, the referral must have resulted in a hire or merger on or before March 18, 2016.

24.     Given that the Baker Donelson and Ober did not formally combine until the end of December of 2016, the referral period under the Agreement had clearly lapsed.  Even if the merger had occurred or been formally approved in October 2016 as the Original Complaint incorrectly alleges, the referral period under the Agreement would still have lapsed.

25.     Consequently, in order to manufacture damages under the Agreement, Abelson and its counsel alleged the wrong dates, including the date the Agreement was executed, when a mere glance at the first page would have revealed the inaccuracy.

26.     Now, at the twelfth hour of its safe harbor, Abelson seeks leave to file the Amended Complaint correcting the date, but this attempt does not excuse its Original Complaint's  incorrect date, which was explicitly written on the first page of the Agreement, nor does it cure the lapse of the one year timeframe nor the fact that nothing was delivered to Baker Donelson regarding Ober as required by the contract.

27.     Pursuant to Tennessee law, "[w]here the contract's language is clear and unambiguous, the agreement is to be given effect according to its terms, and the court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence."  *Bourland, Heflin, Alvarez, Minor & Matthews, PLC v. Heaton*, 393 S.W.3d 671, 676 (Tenn. Ct. App. 2012) (internal quotations omitted).

28.     Here, the Agreement was executed on March 18, 2015.  The Agreement's <u>Lateral Groups for Firms</u> section provides:

> For groups of lateral partners/shareholders, practice groups or mergers, if Baker Donaldson admits two or more of the lateral partners/shareholders, practice group members or combines with a firm directly referred within one (1) year of the date of the referral, the Recruiter shall be entitled to a Fee . . .

*See* Agreement, at pg. 4.

29.     Therefore, it is clear and unambiguous that in order to recover under the one (1) year referral provision of the Agreement, the referral must have resulted in a hire or merger on or before March 18, 2016.

30.     Likewise, Abelson's allegation that it "performed all terms and conditions of the Agreement" and conducted "substantial work, services, research, connections, [and] investment" is untrue.  In fact, Abelson did absolutely nothing.

31.     Subsection II of the Agreement provides, in part, the following:

> Baker Donelson agrees to pay Recruiter an attorney placement fee (the "Fee") for any **Candidates submitted by Recruiter and subsequently hired by Baker Donelson within twelve (12) months of Recruiter's most recent submission to Baker Donelson of the hired Candidate's resume or biographical sketch**, *provided, however*, that no Fee shall be owed if (a) the Candidate had first been submitted by another recruiter within the twelve (12) month period prior to the hire date; (b) Candidate had first made application or submitted his or her resume without assistance from Recruiter to Baker Donelson within the twelve (12) month period prior to the hire date; or (c) Baker Donelson had already begun employment discussions with the Candidate within the twelve (12) month period prior to the hire date. (emphasis supplied)

*See* Agreement, at pg. 1 (emphasis added).

32.     Abelson did not provide ***any*** Ober attorney resumes, biographical sketches, firm information and/or any other Ober materials or resources to Baker Donelson.

33.     Further, even after Baker Donelson sent counsel for Abelson a letter attaching a

8

draft of its Rule 11 Motion expressly requesting proof that Abelson "performed all terms and condition of the Agreement" and conducted "substantial work, services, research, connections, [and] investment," Abelson again provided nothing.

34.     In other words, Abelson was given a second chance to support its baseless allegations with some sort of proof that Abelson provided any Ober attorney resumes, biographical sketches, firm information and/or any other Ober materials or resources to Baker Donelson.   Abelson alleged and produced nothing.   The reason is simple: Abelson did not perform its duties pursuant to the Agreement.   Yet, Abelson persists in its claims against Baker Donelson.

35.     Because there is a clear and unambiguous Agreement contradicting Abelson's unsupported allegations, Abelson's claims in its Original Complaint and Amended Complaint are completely unreasonable under the circumstances.

36.     Furthermore, the reputational harm and detrimental effects of Abelson and its counsel's errors are magnified by the serious accusations of intentional and reckless conduct and punitive damages.   Compounding the harm to Baker Donelson, such allegations were unfortunately reported in the press.   Such allegations have no factual, legal or contractual support and were filed in reckless disregard for Baker Donelson and its reputation.

37.     Simply stated, Abelson now seeks to recover actual and punitive damages against Baker Donelson when the entire factual basis of its underlying claims have no evidentiary support and are contrary to the plain language of the contract between the parties.   Accordingly, Abelson's claims are frivolous and unreasonable under the factual circumstances.

38.     Therefore, Abelson and its counsel have violated Rule 11 and 28 U.S.C. § 1927 by filing an Original Complaint against Baker Donelson based solely upon allegations of facts

4848-8823-2782 v5
9600000-000342

which Abelson knew or could have determined with reasonable pre-filing investigation (by a simple review of the agreement between the parties) were not accurate or actionable as to Baker Donelson.  Likewise, Abelson and its counsel have continued its violations of Rule 11 and 28 U.S.C. § 1927 by seeking leave to file an Amended Complaint with similarly unsupportable claims.

WHEREFORE, Baker Donelson prays that the Court enter an Order dismissing the Original Complaint and/or Amended Complaint for failure to state a claim upon which relief can be granted pursuant to the contract between the parties and granting Rule 11 and 28 U.S.C. § 1927 sanctions against Abelson and its counsel, including, at a minimum, for payment of Baker Donelson's attorneys' fees and costs associated with defending this lawsuit, and granting all further relief, both general and special, as mandated by the premises and as justice requires.

Dated:  October 14, 2017                              Respectfully submitted,


                                                     s/ Sam B. Blair, Jr.
                                                     Sam B. Blair, Jr. (TN Bar No. 10375)
                                                     Samuel P. Strantz (TN Bar No. 34461)
                                                     BAKER DONELSON BEARMAN
                                                     CALDWELL & BERKOWITZ, PC
                                                     165 Madison Avenue, Suite 2000
                                                     Memphis, TN 38103
                                                     Telephone: (901) 577-2257
                                                     Facsimile: (901) 577-0720
                                                     sblair@bakerdonelson.com
                                                     sstrantz@bakerdonelson.com

                                                     *Counsel for Defendant Baker Donelson*

## **CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.2**

I, Sam B. Blair, Jr., counsel for Baker Donelson, hereby affirm that I have consulted with counsel for Abelson in the above-captioned matter.  Specifically, I sent William A. Wooten and Alan S. Mandel, counsel for Abelson, a letter on September 22, 2017, enclosing and serving a draft of Baker Donelson's Rule 11 and 28 U.S.C. § 1927 Motion for Sanctions and to Dismiss Complaint and asking Abelson's counsel to dismiss its case with prejudice within the 21 days safe harbor.  *See* **Exhibit B** attached hereto.  As stated above, Abelson's counsel refused to do so and sought leave to file an equally deficient Amended Complaint instead.  Thus, Abelson appears to oppose the relief requested in this Motion.

s/ Sam B. Blair, Jr.

11

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 14th day of October, 2017, a true and correct copy of the foregoing was electronically filed with the U.S. District Court for the Western District of Tennessee, and was served on all counsel of record by the Court's electronic filing notification system or by email.

William A. Wooten (TN Bar No. 26674)
WOOTEN LAW OFFICE
120 Court Square East
Covington, TN 38019
T: (901) 475-1050
F: (901) 475-0032
william@wootenlawoffice.com

Alan S. Mandel (admitted *pro hac vice*)
MANDEL & MANDEL, LLP
1108 Olive Street, Fifth Floor
St. Louis, MO 63101
T: (314) 621-1701
F: (314) 621-4800
wendy@mandelmandel.com

                            s/ Sam B. Blair, Jr.